```
                               :
ERIC GRAY,                     :
                               :    Civil Action No. 17-6474 (NLH)
                  Petitioner,  :                    17-4276 (NLH)
                               :
             v.                :    MEMORANDUM OPINION
                               :
JOHN POWELL,                   :
                               :
                  Respondent.  :
                               :
```

IT APPEARING THAT:

1.  On May 20, 2017, Petitioner Eric Gray submitted his initial writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2010 New Jersey state court conviction.  (Gray v. Bonds, Civil Action No. 17-4276.)

2.  The Court entered an Opinion and Order administratively terminating that case because Petitioner failed to use the proper form and failed to submit a complete in forma pauperis application or pay the filing fee.  (Id., ECF Nos. 2, 3.)

3.  On August 10, 2017, Petitioner submitted an Amended Petition, on the proper form, with the required filing fee. However, that Amended Petition was inadvertently docketed as a new civil matter.  (Gray v. Powell, 17-6474, ECF No. 1.)  The Court will therefore direct the Clerk of the Court to file the Petition in Civil Action No. 17-6474 as an Amended Petition in Civil Action No. 17-4276.

4.  Moreover, though Petitioner has now paid the fee[1] and used the proper form, he failed to complete the entire form. Specifically, he failed to sign the Amended Petition (page 16) and failed to sign the certification acknowledging that the Amended Petition must contain all grounds for relief that he wishes to raise (page 17).

5.  Based on Petitioner's failure to comply with Local Civil Rule 81.2 ("petitions to this Court for a writ of habeas corpus . . . shall be in writing (legibly handwritten in ink or typewritten), signed by the petitioner or movant, on forms supplied by the Clerk"), the Court will again administratively terminate Civil Action No. 17-4276.

6.  If Petitioner wishes to reopen that case, within 30 days, he must submit a <u>complete</u>, <u>signed</u> habeas petition on the correct form which names the proper respondent and identifies all grounds for relief and the supporting facts.  An appropriate order follows.

Dated: October 3, 2017                      s/ Noel L. Hillman
At Camden, New Jersey             NOEL L. HILLMAN, U.S.D.J.

---

[1] Petitioner again submits an application to proceed <u>in forma pauperis</u>, but still did not provide the required account certification.  <u>See</u> L. Civ. R. 81.2(b).  Because he submitted the filing fee, he does not need <u>in forma pauperis</u> status to proceed with his case; however, to the extent he wishes to obtain such, he must submit the required account certification.  If prison officials refuse to provide it, Petitioner must submit a certification detailing the circumstances of his request and the correctional officials' refusal to comply, including the dates of such events and the names of the individuals involved.